UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

MEYER THEDFORD

Case No. 15-20201-2

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See attached.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                      s/Terrence G. Berg
                                      UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2022

*Overview*

In determining whether Mr. Thedford is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether release would be consistent with the factors in § 3553(a). The government does not contest that Mr. Thedford has exhausted his administrative remedies. ECF No. 381, PageID.2903.

*Extraordinary and compelling reasons for release*

Mr. Thedford puts forward two extraordinary and compelling reasons for release: (1) his alleged moderate asthma, which puts him at greater risk for complications from COVID-19 and (2) the conditions at FCI Allenwood, where he is incarcerated. ECF No. 379, PageID.2639-84. The government responds that there are no extraordinary and compelling reasons warranting release because (1) Mr. Thedford has received two doses of the Moderna COVID-19 vaccine, (2) his asthma is not severe and is controlled with medication, and (3) the conditions at FCI Allenwood are not so different from other BOP facilities or egregiously dangerous as to merit release. ECF No.381, PageID.2909-19.

The Sixth Circuit has indicated that courts have broad latitude in deciding what factors, or combination of factors, can lead to a finding of "extraordinary and compelling" reasons for release.[1] However, having reviewed the evidence offered by Mr. Thedford, the Court does not find that either ground offered is sufficiently "extraordinary and compelling" to meet the requirements of the statute. Mr. Thedford's medical records are clear that he does have asthma, but he receives medication for it, and it seems to be largely under control. He points out a chronic care medical evaluation from September 15, 2020 (ECF No. 380-1, PageID.2816) where his "peak flow," a measure of lung strength, was rated as "poor," but all his other chronic care evaluations indicate "good" peak flow. *See, e.g.*, ECF No. 380-2, PageID.2857, 2873. In short, Mr. Thedford's health is not perfect, but he has not alleged extraordinary and compelling

---

[1] *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021).

reasons that would suggest that he faces the kind of immediate and severe health-related risk that would merit consideration for compassionate release.

Mr. Thedford also points to substandard testing and safety protocols that allegedly increase the chance he will contract COVID-19 for a second time, as well as the fact that he has been in full or modified lockdown since March 2020. FCI Allenwood did experience an outbreak of reported cases in early 2022, with a peak of 208 inmates testing positive. As of mid-February, both inmate and staff cases are close to zero. *See* Pandemic Response Oversight, Dashboards of BOP COVID-19 Cases (April 12, 2022), https://oig.justice.gov/coronavirus. The Court credits the cases cited by Mr. Thedford which note the BOP does not have a universal, regular testing program for its facilities; as such, there is some inherent unreliability in reported data about case numbers. ECF No. 379, PageID.2642-43. But without more evidence, the threat to him is too speculative to be "extraordinary and compelling." The fact that he and fellow inmates have largely been kept in lockdown conditions to prevent the spread of the virus is unfortunate, as it restricts access to services and recreation. But Mr. Thedford has not put forward evidence that the conditions are so onerous as to merit early release.

The Court does not find Mr. Thedford to have alleged sufficient facts to support a finding of "extraordinary and compelling" reasons.

*Application of the § 3553(a) factors*

Because the Court finds that Mr. Thedford does not meet the second required element for compassionate release under 18 U.S.C. § 3582(c), the Court declines to analyze whether the factors in 18 U.S.C. § 3553(a) support release. *See Elias*, 984 F.3d at 519 ("Further, we clarify that, as in *Jones* and *Ruffin*, district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Though Mr. Thedford is not legally eligible for the relief of early compassionate release, the Court takes note of the progress that Mr.

2

Thedford has made, including completing his GED and several training courses. The Court acknowledges the strong support he has from his grandmother and other family to relocate and obtain employment upon his release from prison. Based on the information before the Court, it appears that Mr. Thedford will be in a position to make a fresh start and put behind him the activities and associations that he now regrets, and that led to these charges.